## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

10 APR 16 PM 2:31

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| JACQUELYN G. SACKETT, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| FAST FOOD CONSULTANTS, Inc., | ) |
| d/b/a McDONALD'S, | ) |
| | ) **1:10-cv- 0453 WTL -JMS** |
| **Defendants.** | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, named-above, complains of acts and omissions to act by the Defendants. In support of their Complaint and as cause of action against Defendants, Plaintiffs respectfully submits the following:

### JURISDICTION

1.     This suit is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000 et al., all as amended by the Civil Rights Act of 1991, 28 U.S.C. §§ 1331 and 1343.

2.     The Equal Employment Opportunity Commission (EEOC) issued Plaintiff's Notice of Right to Sue on or about February 8, 2010.

### PARTIES

3.     Plaintiff, Jacquelyn G. Sackett, is a female citizen of the United States and at all times mentioned herein worked in the Southern District of Indiana.

4.     Defendant, Fast Food Consultant, Inc., (hereinafter "FFCI"), is a corporation doing business in the state of Indiana in the Southern District of Indiana.

## FACTS

5.  Plaintiff began working for Defendant on April 28, 2009.

6.  Plaintiff performed her job well and even received a compliment from the regional manager who stated "she did her job well".

7.  Shortly after Plaintiff began working she began to experience sexual harassment.

8.  A male employee would come from behind Plaintiff and touch her on her side by her bra.

9.  He did that on several occasions.

10.  Male employees would brush up against Plaintiff when there was more than enough room to pass her without touching her.

11.  The same employee would ask Plaintiff if she put "ass" in drink containers instead of ice.

12.  He made that comment on several occasions.

13.  Hispanic female employees routinely referred to Plaintiff as "punta" which means "cunt".

14.  Plaintiff was yelled at by non-supervisory co-workers several times humiliating her in front of customers and other staff.

15.  Plaintiff's cap which was part of her uniform was knocked off her head by co-workers.

16.  Plaintiff complained to her manager on June 2, 2009, but nothing happened.

17.  The manager took no action.

18.  The harassing conduct continued.

19.  Plaintiff then put her complaints in writing and gave the manager a copy of the written complaint on June 8, 2009, which he refused to sign a copy acknowledging receipt.

20.  The manager still took no action and the harassing behavior continued.

21.   Plaintiff, on June 11, 2009, then asked the assistant manager for the fax number for Defendant's human resource department.

22.   The assistant manager asked Plaintiff why she wanted the number and Plaintiff told her to report harassment and that she had some other issues and concerns.

23.   The assistant manager said to the Plaintiff that it was Melvin to which the Plaintiff agreed.

24.   Melvin was, in fact, one of the harassers.

25.   Plaintiff then faxed Defendant's human resource office a copy of the letter she had given the manager.

26.   Defendant still took no action.

27.   The harassing conduct continued.

28.   Plaintiff again complained to the manager and he had Plaintiff come to his office.

29.   While Plaintiff was sitting in his office the manager called one of the female employees that was harassing Plaintiff into his office and terminated her in Plaintiff's presence.

30.   No action was taken against the male harassers.

31.   As a result of the manager's action, Plaintiff's co-employees were aware that she had made the complaint.

32.   The terminated employee stated she was going to return to the restaurant and "kick her ass" and  another female employee stated that the Plaintiff needed to make sure to have her cell phone and keys out and ready whenever she was in the parking lot.

33.   Plaintiff contacted the Hancock County Sheriff's Department about the threat.

34.   The sheriff's department indicated they could issue a no trespass order but Defendant would have to agree to it.

35.   Plaintiff told Defendant she was afraid to return to work until Defendant agreed to the no trespass order against the terminated employee or some type of safety precaution.

36.   Defendant would not agree to the no trespass or put any safety precaution in place.

37.   A letter was faxed on Wednesday to the corporate (local) office stating that the Plaintiff was fearful to return to work until the proper precautions were put in place to guarantee the safety of the Plaintiff.

38.   Defendant then terminated Plaintiff allegedly for failing to return to work on Friday.

39.   Plaintiff was terminated for complaining of sexual harassment.

40.   Plaintiff has been sexually harassed and retaliated against for complaining about sexual harassment.

41.   FFCI has violated Title VII as a result of the above conduct.

<u>COUNT I</u>

42.   Plaintiff incorporates by reference paragraphs 1-41.

43.   Defendant violated  42 U.S.C. § 2000 et. al., by allowing Plaintiff to be subjected to sexual harassment.

<u>COUNT II</u>

44.   Plaintiff incorporates by reference paragraphs 1-41.

45.   Defendant violated 42 U.S.C. 2000 et al., by retaliating against Plaintiff  for complaining of sexual harassment.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.   Award Plaintiff reinstatement or front pay in lieu of reinstatement;

B.   Award Plaintiff back pay and benefits lost;

C.   Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and

suffering, inconvenience, mental anguish and loss of enjoyment of life;

D.     Award Plaintiff punitive damages;

E.     Award Plaintiff their costs in this action and reasonable attorney fees;

F.     Grant Plaintiff any other relief which is allowable under the circumstances of this

case.

Respectfully submitted,

GREGORY A. STOWERS, 13784-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by jury.

Respectfully submitted,

STOWERS & WEDDLE P.C.

GREGORY A. STOWERS, 13784-49
Attorney for Plaintiff

Gregory A. Stowers, 13784-49
**STOWERS & WEDDLE P.C.**
626 N. Illinois Street
Suite 201
Indianapolis, IN  46204
(317)636-6320